IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

SURVIVOR PRODUCTIONS, INC.,

    Plaintiff,

vs.

JOSHUA CONGER,

    Defendant.

Case No. 6:15-cv-01303-AA
ORDER

AIKEN, Judge:

Plaintiff Survivor Productions, Inc., filed this copyright infringement action against a Doe defendant associated with a particular Internet protocol ("IP") address. Plaintiff alleged someone using the computer at that IP address copied and distributed its copyrighted motion picture, *Survivor*, through peer-to-peer file sharing. Plaintiff learned through discovery that Joshua Conger was the subscriber assigned that IP address. Plaintiff's counsel, Carl D. Crowell, then sent two letters to Conger. Crowell submitted a sworn declaration to this Court stating that Conger responded to the

PAGE 1 - ORDER

letters by calling the Crowell Law office. Crowell states Conger was verbally abusive, denied having Comcast internet service at the time of the alleged infringing activity, and insisted he was the only one with access to the computer in his home. Crowell Decl. ¶ 4 Jun. 27, 2016. Crowell followed up with Comcast to confirm that the IP address in question was assigned to Conger on the dates of alleged infringement. *Id.* ¶ 5.

This Court granted plaintiff leave to depose Conger for the limited purpose of ascertaining the identity of the defendant in the complaint, pursuant to Federal Rule of Civil Procedure 45. Doc. 8. Plaintiff then personally served defendant with a subpoena to appear at a deposition on October 20, 2015. Crowell Decl. Exs. 2-4 Oct. 21, 2015. On October 19, 2015, Crowell left Conger a voicemail to confirm the deposition scheduled for the following day. Crowell Decl. ¶ 12 Oct. 21, 2015. Conger did not appear at the deposition. *Id.* ¶ 13. On November 16, 2015, this Court granted plaintiff's motion to compel Conger's appearance at a Rule 45 deposition. Doc. 13.

In February 2016, plaintiff amended the complaint to name Conger as the defendant. Doc. 14. Conger was personally served with the amended complaint and summons on February 22, 2016. Doc. 16. Conger never filed an answer or otherwise appeared in this lawsuit. Plaintiff's counsel states that in addition to being abusive in phone calls, Conger "obstructed service, moved after the case was commenced without providing a forwarding address[,] and failed to appear at multiple scheduled depositions." Crowell Decl. ¶ 14 Aug. 9, 2016.

This Court entered default judgment in plaintiff's favor on August 1, 2016. The default judgment order permanently enjoined defendant from infringing plaintiff's rights in *Survivor* and awarded plaintiff $1,250 in statutory damages. Plaintiff now moves for attorney's fees and costs.

PAGE 2 - ORDER

Courts have discretion to allow the prevailing party in a copyright infringement action to recover costs and reasonable attorney's fees. 17 U.S.C. § 505; Fed. R. Civ. P. 54(d). In considering whether to exercise that discretion, the court may consider, among other factors, (1) the degree of success obtained; (2) frivolousness; (3) motivation; (4) the objective unreasonableness of the losing party's factual and legal arguments; and (5) the need, in particular circumstances, to advance considerations of compensation and deterrence. *Perfect 10, Inc. v. CCBill LLC*, 488 F.3d 1102, 1120 (9th Cir. 2007); *Maljack Prods., Inc. v. GoodTimes Home Video Corp.*, 81 F.3d 881, 889 (9th Cir. 1996). These factors justify an award of fees in this case.

In determining what amount of attorney's fees is reasonable, courts first "calculate the 'lodestar figure' by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate." *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The court then must decide whether to enhance or reduce the lodestar figure on the basis of one or more of the "*Kerr* factors."[1] "[T]here is a 'strong presumption' that the lodestar figure is reasonable, but that presumption may be overcome in the rare circumstance in which the lodestar does not adequately take into account a

---

[1] The *Kerr* factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill required to perform the legal service properly; (4) the preclusion of other employment by the attorney due to the acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), *abrogated on other grounds by City of Burlington v. Dague*, 505 U.S. 557 (1992). The lodestar calculation subsumes many of these considerations, including the time and labor required; the special skill and experience of counsel; and the type of fee agreement. *Morales v. City of San Rafael*, 96 F.3d 359, 363-64 & n.9 (9th Cir. 1996).

factor that may be properly considered in determining a reasonable fee." *Perdue v. Kenny A.*, 559 U.S. 542, 554 (2010).

Plaintiff seeks $6,776.95 in attorney's fees, representing 1.7 hours of work billed at an hourly rate of $175 and 20.1 hours of work billed at an hourly rate of $312. As the party seeking fees, plaintiff bears the burden of showing that the number of hours billed and the hourly rate are reasonable. *Cascadia Wildlands v. Bureau of Land Mgmt.*, 987 F. Supp. 2d 1085, 1092 (D. Or. 2013).

In similar copyright infringement actions, this Court has found the $175 hourly rate requested for attorney Drew P. Taylor and the $312 hourly rate requested for Crowell to be reasonable. *See, e.g., Survivor Prods., Inc. v. Owens*, 2016 WL 3647967, *2 (D. Or. Jul. 6, 2016) (Taylor); *Voltage Pictures, LLC v. Pecsok*, 2015 WL 3892394, *3 (D. Or. Jun. 24, 2015) (Crowell). I adopt the reasoning of those decisions and find the requested rates reasonable in this case.

The requested number of hours, however, is not reasonable. Crowell states that defendant's obstructionist behavior required him to expend significantly more time on this case than has been necessary in similar actions. For example, this case required a motion to compel, multiple scheduled depositions, additional investigation to confirm the IP address assignment with Comcast, and numerous attempts to contact defendant. Even taking those factors into account, however, a reduction is warranted.

First, plaintiff seeks 6.1 hours for activity before the initial contact with defendant (drafting and submitting the complaint and accompanying exhibits, filing the motion for discovery, reviewing identification data, drafting and sending an initial letter to the subscriber.) In similar cases involving the same motion picture, plaintiff has billed 2.53 hours for the same activities. *See Survivor Prods.,*

*Inc. v. Owens*, Case No. 3:15-cv-01596-AA, Doc. 32 Ex.1; *Survivor Prods., Inc. v. Mironova*, Case No. 3:15-cv-01594-AA, Doc. 33 Ex. 1. Because these activities predate the contact with defendant, his refusal to participate in this lawsuit does not explain the discrepancy. I find it reasonable to bill 3.53 hours for these activities: 2.53 hours to correspond to the hours approved in *Owens* and *Mironova*, plus 1 hour of consultation with the client about litigation options in view of the fact that this case was filed before *Owens* and *Mironova*. I therefore reduce line items 20 to 28 in the attorney's fee billing sheet to 3.53 hours. These reductions are calculated using Crowell's billing rate, for a total reduction of $801.84.[2]

Second, plaintiff seeks 3.2 hours for drafting and filing the motion for default judgment, declaration in support, and exhibits of infringing activity. In *Owens* and *Mironova*, plaintiff sought 1.6 hours for the same activity. The *Owens* and *Mironova* motions for default judgment were filed earlier than the corresponding motion in this case. The three motions are very similar and several pages are identical. Although the motion for default judgment here had to be supplemented with specific factual information, it required no new legal research. I therefore reduce the requested hours for line items 2 to 4 to 1.6, the same number of hours granted in previous similar cases for drafting a similar motion. These reductions are taken proportionally from Crowell's and Taylor's billing totals, with 47% of the reduction from Crowell and 53% of the reduction from Taylor, for a total reduction of $383.02.[3]

Plaintiff has not asked for an upward adjustment based on any of the *Kerr* factors. After independently reviewing those factors, I find none of them justify either enhancement or reduction

---

[2] $(6.1 - 3.53) \times \$312 = \$801.84$.

[3] $[(3.2 - 1.6) \times 0.53 \times \$175] + [(3.2 - 1.6) \times 0.47 \times \$312] = \$383.02$.

PAGE 5 - ORDER

of the fee award. *See Sapper v. Lenco Blade, Inc.*, 704 F.2d 1069, 1073 (9th Cir. 1983) (in awarding attorney's fees, a district court need only address "the factors called into question by the case at hand and necessary to support the reasonableness of the fee award" (quotation marks omitted)). Plaintiff is entitled to an award of attorney fees in the amount of $5,592.09. Plaintiff is also entitled to an award of costs in the requested amount of $739.50.[4]

## CONCLUSION

Plaintiff's Motion for Attorney Fees and Costs (doc. 32) is GRANTED and plaintiff is awarded attorney's fees and costs in the amount of $6,331.59.

IT IS SO ORDERED.

Dated this 3RD day of October 2016.

_____
Ann Aiken
United States District Judge

---

[4] Plaintiff's bill of costs breaks down as follows: a $400 fee for filing this lawsuit; $169.50 in fees for service of the summons and subpoena; and $170 in fees for printed records obtained for use in the case. *See* Doc. 33.

PAGE 6 - ORDER